### EBERT v EBERT et

Ohio Appeals, 2nd Dist, Franklin Co

No 2308. Decided Oct 19, 1933

Jones and Henderson, Columbus, for plaintiff in error.
Grover C. Brown, Columbus, and Edwin D. Ricketts, Logan, for defendants in error.

## OPINION

By BARNES, J.

We know of no precedent and no authority is cited authorizing a wife to bring an original action for alimony against the

estate of a deceased husband. We have no hesitancy in saying that this cannot be done. The case of **Bay v Bay, 85 Oh St, page 417,** is cited in support of the contention of plaintiff in error. It falls far short, either directly or by analogy, of supporting the action in the instant case. The only similarity in the two cases is that in Bay v Bay the wife, after the decease of her husband; filed a petition in the same case, raising the question of the jurisdiction of the court and also setting out that the orders and judgment were procured through false testimony. In the case of Bay v Bay the entry granting the divorce to the husband also made orders divesting the wife of any estate or interest, either vested, inchoate, dower or inheritance or otherwise in the real, personal or mixed property of the husband, now owned or held by him or which he may hereafter acquire. The original action was filed by the husband in Putnam County and the wife challenged the jurisdiction of this county in her petition and on the allegation that her deceased husband had never resided in Putnam County. Also attacked the pretended service by publication by stating that her husband at all times knew her address. The Supreme Court states the law in the syllabus and is herewith set forth in full:

"Where a husband, by **fraud and false testimony,** obtains a decree of divorce for the wife's aggression and the **decree** also, by reason of the wife's aggression, so found, bars her of alimony, dower and all other interest in the husband's property, the decree dissolving the marriage relation is conclusive; but, when the court making such decree did not have jurisdiction of the wife's person, she may thereafter have said decree and the issues opened up so far as they relate to **her interests** in the husband's property and be let in to defend." (Black face is ours).

It will be noted that no reference is made to the question of alimony in this case.

In the instant case it is disclosed from Exhibit D that the trial court made no order at all respecting property in the action wherein Charles W. Ebert obtained the divorce from his wife. The most that can be said on the question of alimony is that if Charles W. Ebert, through fraud, procured his divorce from Rachel C. Ebert, such decree of divorce would not be a bar to her instituting proper proceedings against him for alimony. However, the right to insti-

tute such a proceeding for alimony would be no greater than if the divorce action had not been filed at all.

In other words, a wife, living separate and apart from her husband and not supported by him, has a right to bring an action in a proper court for alimony, but such action must be brought against the husband during his lifetime. Under no circumstances can she bring an original action for alimony against the heirs or the estate of her deceased husband.

We agree with the court below that under the facts of the case the plaintiff would not be entitled to alimony. We also determine that under the state of facts here presented the plaintiff would have no right under the law to sue the executor of her deceased husband and the devisees and legatees under his will.

Taking up the question of dower, the trial court in its opinion bases his conclusion upon a determination of the facts. The following is taken from the opinion:

"The court is of opinion that the facts are such as to make §8211, GC, operative to bar the claim for dower. 'A husband or wife who leaves the other and dwells in adultery, will thereby be barred of the right of dower in the real property of the other, unless the offense is condoned by the injured consort.' See **Brown v Kerns, 6 N.P.,** 68, and cases therein cited.

"In this view of the case the questions of the validity of the deed by Charles W. Ebert to his brother and the validity of his will become unimportant. Both of these instruments are good subject to any rights Rachel Ebert may have had.

"Finding on the issues joined that the wife under the law and the facts is entitled to neither alimony or dower, the petition will be and the same is dismissed."

Dower rights are creatures of the law and not inherent rights in the surviving spouse. Chapter 3 of the General Code under the head "Estates in Dower," makes provision therefor. We herewith quote in full §8606 GC:

"Sec 8606 GC: Of what Estate a widow or widower is Endowed. A widow or widower who has not relinquished or been barred of it, shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort, at

decease, held the fee simple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had, at decease, in any real property held by article, bond, or other evidence of claim."

Sec 8611, GC, above quoted from the opinion of the trial court, designates the circumstances under which the surviving spouse will be barred of dower. §11993 GC in part provides as follows:

"Sec 11993 GC. Divorce for Aggression of Wife. When the divorce is granted by reason of the aggression of the wife, she shall be barred of all right of dower in the lands of which her husband is seized at the time of filing the petition for divorce or which he thereafter acquires, whether there is issue or not. * * *."

Applying the above section to the instant case it may be properly stated that Charles W. Ebert procured a divorce from his wife on her aggression, and strictly under the letter of the law this would bar her of dower. Under the language of this statute we do not think that any decree of court is necessary in order to make the statute operative. The question is also raised, was the divorce granted on the wife's aggression. If so, as a matter of law she is barred of dower. The question is properly raised in this case as to whether or not the fact that there was not personal service and only service by publication, should change the operation of this principle of law. We do not think so.

To so hold would permit the offending spouse to desert their faithful companion and remain in hiding so that personal service of summons could not be made during the lifetime of the one not at fault. By this means the aggressor would retain the dower interest in the premises and there would be no means of divesting it. It might tie up property for a lifetime.

In the instant case, Charles W. Ebert did everything he could to advise his erring wife that he was bringing his action for divorce against her. He caused to be mailed to her last known address, Kansas City, Missouri, copy of summons and copy of the petition. Under the evidence it was disclosed that she did not receive it due to the fact that she was living there under an assumed name, in fact at different times she carried several assumed names. She received her mail general delivery, but there is no evidence that her deceased husband knew about these assumed names, while she was living in Kansas City. That she did not receive the copy of summons and petition was due to her own fault.

By giving this interpretation to the above section of the law no injustice can be done to the surviving spouse as can very readily be demonstrated by applying to supposed facts in the instant case. For instance, if the allegations in the petition for divorce of Charles W. Ebert were false, and further he procured the divorce through false testimony, this would work a fraud not only on Mrs. Ebert, but on the court, and under such a situation Mrs. Ebert would be entitled to dower rights. The ground of divorce as set out in his petition was wilful absence for three years. The court must necessarily find that this ground was supported in the evidence before he could grant the divorce. The divorce was granted on this ground and none other. Mrs. Ebert in her petition in the present case sets out that there was a separation by reason of the extreme cruelty of her then husband, Charles W. Ebert. If the proof had sustained her contention and she had not otherwise been barred of dower, a finding might properly have been made in her favor. However, the court finds against her on all questions of fact and hence she does not sustain the obligation to show that the divorce was wrongfully obtained by her deceased husband. We have examined the record very carefully and think the trial court was correct in his finding on the fact. It therefore follows that the plaintiff in error is entitled to neither alimony nor dower. Finding no error in the record, the judgment, orders and findings of the court below will be sustained. Exceptions will be allowed to the plaintiff.

HORNBECK, PJ, and KUNKLE, J, concur.